The opinion of the Court was delivered by
Johnson, J. Upon the first impression of this case,,I was very much inclined to think that the plaintiff was entitled to sue under the Act of 1745, P. L., 202, (3 Stat. 668,) for the additional compensation for extraordinary care and trouble in the management of the intestate’s estate, notwithstanding he had forfeited his ordinary commissions by neglecting to make regular annual returns to the Ordinary, of his receipts and disbursements ; but upon more reflection I am satisfied that the forfeiture extends to both.
The Act before referred to provides, that if an executor or administrator shall have had extraordinary trouble in the management of estates under their care, and shall not be satisfied ■with the commissions allowed by that Act, (which, by reference to 1 Brev. Dig. 392, Guardian and Ward, sec. 2, will be found to be five per cent, on monies received and paid away, for their care, trouble, and attendance in the discharge of their duties,) that they should be at liberty to bring an action in the Court of Common Pleas for their said- services, in which they are entitled to recover a sum not exceeding five per cent., in addition to the sums allowed by that Act. The Act of 1789,, P. L. 495, (5 Stat. 112,) re-enacts so much of the clause of the Act of 1745 as allows the 5 per cent., (2^- for receiving and 2\ for paying away money,) in the terms of that Act; and- it *51 provides, that if the executor or administrator shall neglect to make regular annual returns to the Ordinary, of his receipts and disbursements, “he shall not be entitled to any commissions for his trouble in the management of the said estate; ” and upon looking through both acts, it will be found that the term commissions is not used in any instance as designating the character of the compensation. In ordinary cases, the executor or administrator, for his care, trouble and attendance in the management of the estate, is entitled, in the words of the Act, to receive or retain in his hands 2\ per cent, on all monies received, and 2}¿ per cent, for paying away the same. When he has had extraordinary trouble, and is not satisfied with this allowance, he is entitled to bring his action in the Common Pleas, and may recover a sum not exceeding five per cent., in addition to the sum allowed in ordinary cases. The nature of the services in both instances áre the same, differing only in the degree : the terms used to designate them are substantially the same, the mode of compensation (a per centage on the amount received and paid away) is the same, and all the reasons which operate in the application of the term commissions in .the clause -imposing the forfeiture, apply as forcibly in the one case as the other. According to the Acts, therefore, the compensation for extraordinary trouble, as well as ordinary,, is embraced in the forfeiture for neglecting to make the returns.
I think, too, that it falls within the policy of the law. Every one who has had any thing to do with the settlement of the accounts of executors and administrators must appreciate the importance and necessity of regular returns and accounts, and the great want of attention to it, notwithstanding this forfeiture;' and but for this, the probability is- that no accounts ever would be rendered .until a final settlement,- when many or all other means of detecting error would be lost, and it was fit that it should be enforced by some sanction. That provided by the Act is a loss of compensation for services,- and there is no reason why it should not extend to extraordinary, as well as ordinary *52 cases : for the more extraordinary and complicated the affairs of an estate are, the greater necessity for regular returns.
The motion is therefore refused, and the order of the Circuit Court affirmed.
O’Neall and Harper, JX, concurred.

Order affirmed.